July,9, 2015

29,870-03

Court of Criminal Appeals
Clerk of Court
P.O. Box 12308
Austin, TX 78711

RE: Original Application for Writ of Mandamus
     District Clerk, Harris County, Non-compliance/T.C.C.P. 11.07

Dear Honorable Clerk of Court:

     Please find enclosed: (1) Original Application for Writ of
Mandamus, and (2) Exhibits "A" through "C".

     Please forward the Mandamus with attached exhibits to the
Court for consideration and ruling. Thank you for your kind assist-
ance with this matter.

Respectfully Submitted,

Bobby John Henry #1719613
TDCJ-ID #1719613
Wayne Scott Unit
6999 Retrieve Rd.
Angleton, TX 77515

This document contains some
pages that are of poor quality
at the time of imaging.

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUL 13 2015
Abel Acosta, Clerk

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

BOBBY JOHN HENRY
TDCJ-ID #1719613
RELATOR

v.

HARRIS COUNTY DISTRICT CLERK
CHRIS DANIEL
IN HIS OFFICIAL CAPACITY
RESPONDENT

CAUSE NOS. 1282632-A & 1282633-A

180th JUDICIAL COURT OF

HARRIS COUNTY, TEXAS

ORIGINAL APPLICATION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, BOBBY JOHN HENRY, Relator, pro se in the above
styled and numbered cause(s) of action and files this Original App-
lication for Writ of Mandamus, pursuant to Article 11.07 Section
3(c) of the Texas Code of Criminal Procedure (T.C.C.P.), and would
show the Court the following:

I.

Bobby John Henry, TDCJ-ID #1719613, is an offender incarce-
rated in the Texas Department of Criminal Justice and is appearing
pro se, who can be located at the Wayne Scott Unit, Brazoria County,
Texas 77515. Relator has exhausted his remedies and has no other
adequate remedy at law.

The act sought to be compelled is ministerial, not discre-
tionary in nature. T.C.C.P. Art. 11.07, §3(c) requires Respondent

-1-

to immediately transmit to the Court of Criminal Appeals a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made, if the convicting court decides that there were no issues to be resolved. No copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made has been transmitted to the Court of Criminal Appeals by Respondent as required by statute. Relator would have received notice from the Court of Criminal Appeals had Respondent done so.

## II.

Respondent, Chris Daniel, in his official capacity as District Clerk of Harris County, Texas, has a ministerial duty to receive and file all papers in a criminal proceeding, and perform all other duties imposed on the clerk by law pursuant to T.C.C.P. Art. 2.21, and is responsible under T.C.C.P. Art. 11.07, §3(c) to immediately transmit to the Court of Criminal Appeals a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which the finding was made if the convicting court decides that there are no issues to be resolved. Chris Daniel, District Clerk, Harris County, may be served at his place of business at 1201 Franklin St., Houston, Texas 77002.

## III.

### VIOLATION OF ARTICLE 11.07 OF THE TEXAS CODE OF CRIMINAL PROCEDURE

The Respondent violated 11.07, §3(c) of the T.C.C.P. by failing to provide a copy of the application for writ of habeas corpus, any answers filed, and a cerificate reciting the date upon which that finding was made to the Court of Criminal Appeals within the time prescribed by law and within a reasonable time from the date on which the documents were required to be transmitted.

Requests for the transmittal of the application for writ of habeas corpus, and any answers filed, and a certificate reciting the date upon which that finding was made were made to Chris

-2-

Daniels, District Clerk, Harris County, in the following ways: letters of inquiry and motions sent to the court between December 26, 2012 and May 05, 2014. (see Exhibit "A"). The letters of inquiry consisted of requests from the Relator for the Clerk of Court to send information regarding the reasons why it was taking so long for the trial court to resolve the designated issues and reasons for the untimely remittance of Relator's 11.07 application to the Court of Criminal Appeals. The motions submitted by the Relator varied, but all sought to compel the Clerk and the trial court to comply with Art. 11.07, §3(c). Exhibit "B", dated June 18, 2015, is a letter of inquiry to the Clerk of Court and a Notice that Relator would be filing this Mandamus. This letter served as Relator's final attempt at requesting Chris Daniels to comply with Art. 11.07, §3(c) by transmitting to the Court of Criminal Appeals a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that filing was made. Relator further requested that any attachments filed with or after the filing of the application, and a reason for the untimely delay for the transmission to the Court of Criminal Appeals be sent to the Court as well.

To date, the Relator has received no response from Respondent regarding Relator's request for transmittal of a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals. Nor has Relator been notified of any resolutions to the trial court's designated issues. Relator has even sought out information from the Court of Criminal Appeals. In a response to an inquiry from the Relator, Deputy Clerk Abel Acosta responded the after searching records he "found no post conviction writ of habeas corpus under trial court cause numbers 1282632 & 1282633, in the name of Bobby John Henry." (see Exhibit "C").

As is clear from all of the Relator's motions and letters of inquiries, Relator has repeatedly put Respondent on notice

-3-

that Relator seeks the resolving of the designated issues _and_ the transmittal of a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which the finding was made to the Court of Criminal Appeals and that such records are required by the Court of Criminal Appeals to act on Relator's writ of habeas corpus. Relator has gone well beyond any requirement or obligation imposed upon him by the T.C.C.P. In contrast to the Relator's efforts, Respondent has wholly failed to comply with the T.C.C.P. Art. 11.07, §3(c), is acting in bad faith, and has also failed to afford Relator the professional and common courtesy of any written response to his correspondence and motions.

Article 11.07, §3(c) clearly states that "[i]f the convicting court decides that there are no such issues, the clerk shall immediately transmit [emphasis added] to the Court of Criminal Appeals a copy of the application, any answers filed, and a certificate reciting the date upon which that finding was made. Failure of the court to act within the allowed 20 days shall constitute such a finding." T.C.C.P. Art. 11.07, §3(c). In this particular case, the court did make a finding of fact. However, it has been just over two and a half years since Relator has filed his application. Certainly enough time has passed for allowing the trial court to resolve Relator's issues, and Respondent is well past due in complying with Art. 11.07, §3(c). Respondent is in violation of this procedure, ministerial duties, and thus the laws of the State.

IV.

REQUEST FOR LIVE EVIDENTIARY HEARING

Relator has already submitted a motion for a "Live Evidentiary Hearing" to the trial court on December 26, 2012 (see Exhibit "A" which the court either failed to rule on or the Respondent failed to provide a copy of said ruling to the Relator. Therefore, Relator is requesting this Court to either order the trial court to hold a Live Evidentiary Hearing and to finally resolve Relator's designated issues, or to hold its own Live Evidentiary Hearing

-4-

once the Respondent complies with this Court's ruling and sends a copy of the application, any answers filed, and a certificate reciting the date upon which that finding was made. The necessity for this Live Evidentiary Hearing is great because the convicting Judge (Marc Brown) is no longer presiding over the 180th District Court. A new Judge, Honorable Judge Hull, is now presiding in that court. Judge Hull is not familiar with the case or the finding of facts that were made by Judge Brown and for this reason will be unable to make a fair and impartial decision regarding any resolution of the previous Judge's finding of facts.

PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Relator, Bobby John Henry, pro se, respectfully requests a finding that the Respondent did not transmit the documents to the Court of Criminal Appeals within a reasonable time after the date they were required to, and requested to, and that the Relator brought this litigation in good faith and has substantially prevailed. Relator prays for an ORDER directing the Respondent to transmit a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals as directed in Article 11.07 Section 3(c) of the Texas Code of Criminal Procedure and as requested in Relator's motions and letters of inquiry previously sent to Respondent (Exhibits "A" and "B"). Further, Relator prays this Honorable Court to make and ORDER that directs the trial court to hold a Live Evidentiary Hearing if this Court simply orders for the trial court to resolve the findings of facts and designated issues. Or, conversely, Relator prays this Court to hold its own Live Evidentiary Hearing once the Respondent has complied with Article 11.07, §3(c).

Respectfully Submitted,

Bobby John Henry #1719613
Bobby John Henry
Relator, pro se

-5-

## UNSWORN DECLARATION

I, Bobby John Henry, TDCJ-ID #1719613, presently incarcerated in the Wayne Scott Unit of the Texas Department of Criminal Justice in Brazoria County, Texas, verify and declare under penalty of perjury that the foregoing statements are true and correct.

EXECUTED on this the 9th day of July, 2015.

Respectfully Submitted,

*Bobby Henry 1719613*
Bobby John Henry
TDCJ-ID #1719613
Wayne Scott Unit
6999 Retrieve Rd.
Angleton, TX 77515

Relator, pro se

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Application for Writ of Mandamus was served on Chris Daniel by placing a copy in the U.S. Mail addressed to: Chris Daniel, Clerk of Court, 1201 Franklin St., Houston, Texas, 77002 on this the 9th day of July, 2015.

*Bobby Henry 1719613*
Relator

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

---

BOBBY JOHN HENRY
TDCJ-ID #1719613
RELATOR

v.

HARRIS COUNTY DISTRICT CLERK
CHRIS DANIEL
IN HIS OFFICIAL CAPACITY
RESPONDENT

---

## ORDER

On this day, came to be heard the foregoing Realotr's Application for Writ of Mandamus and it appears to the Court that the same should be:

_____ GRANTED

IT IS THEREFORE OREDERED THAT the District Clerk shall immediately transmit to the Court of Criminal Appeals a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made. And further, a Live Evidentiary Hearing shall be conducted due to the fact that the convicting Judge is no longer present, but that a new Judge is now presiding in the 180th District Court.

SIGNED on this the _____ day of _____, 2015.

_____
Presiding Judge

-7-

EXHIBIT "A"

- 180th District Court Dockets for Cause Nos.
1282632-A & 1282633-A -

Relator's Copies of Due ~~Deligence~~ Diligence in every way as part
of Exhibit "A"

Bobby Henry
# 1719113

HCDistrictclerk.com   The State of Texas vs. HENRY, BOBBY (SPN: 01964962)   11/14/2014

Cause: 12826320101A   CDI: 3   Court: 180

## ACTIVITIES

| Date | Type | Description | SNU/CFI |
|------|------|-------------|---------|
| | | ** NOTE: CHECK FOR POST CONVICTION WRIT CASES ** | |
| 11/09/2012 | WRIT EVENT | ORDER DESIGNATING ISSUES F | 995 |
| 11/09/2012 | WRIT EVENT | ORDER NOT TO FORWARD TO CC | 996 |
| 10/22/2012 | WRIT EVENT | COURT FINDINGS DUE | 997 |
| 11/26/2012 | NEXT WRIT EVENT | FIND OF FACT/CONC OF LAW-D | 997 |
| 10/22/2012 | WRIT EVENT | D A ACKNOWLEDGE RECEIPT OF | 998 |
| 11/06/2012 | NEXT WRIT EVENT | RESPONDENTS ANSWER DUE | 998 |
| 10/19/2012 | WRIT EVENT | APPLICATION FOR PCW FILED | 999 |
| 05/05/2014 | MOTIONS | INTENT FILE MANDAMUS | 993 |
| 05/05/2014 | MOTIONS | FILED CFI 180 | |
| 01/21/2014 | MOTIONS | TO COMPEL | 994 |
| 01/21/2014 | MOTIONS | FILED CFI 180 | |
| 02/11/2013 | MOTIONS | INQUIRY ISS RESOLVED | 995 |
| 02/11/2013 | MOTIONS | FILED CFI 180 | |
| 01/22/2013 | MOTIONS | JUDIC NOTICE ADJ FAC | 996 |
| 01/22/2013 | MOTIONS | FILED CFI 180 | |
| 12/26/2012 | MOTIONS | LIVE EVIDENT HEARING | 997 |
| 12/26/2012 | MOTIONS | FILED CFI 180 | |
| 11/08/2012 | MOTIONS | CERTIFICATE SERVICE | 998 |
| 11/08/2012 | MOTIONS | FILED CFI 180 | |
| 11/08/2012 | MOTIONS | REQ DES OF ISSUES | 999 |
| 11/08/2012 | MOTIONS | FILED CFI 180 | |
| 11/09/2012 | ORDER | STATE PROP ORD DES ISSUES | 999 |
| 11/09/2012 | OFFENSE | BURGLARY OF HABITATION LEVEL F2 | |

**HCDistrictclerk.com**    The State of Texas vs. HENRY, BOBBY (SPN: 01964962)    11/14/2014
Cause: 12826330101A   CDI: 3    Court: 180

## ACTIVITIES

| Date | Type | Description | SNU/CFI |
|------|------|-------------|---------|
| | | ** NOTE: CHECK FOR POST CONVICTION WRIT CASES ** | |
| 11/09/2012 | WRIT EVENT | ORDER DESIGNATING ISSUES F | 995 |
| 11/09/2012 | WRIT EVENT | ORDER NOT TO FORWARD TO CC | 996 |
| 10/22/2012 | WRIT EVENT | COURT FINDINGS DUE | 997 |
| 11/26/2012 | NEXT WRIT EVENT | FIND OF FACT/CONC OF LAW-D | 997 |
| 10/22/2012 | WRIT EVENT | D A ACKNOWLEDGE RECEIPT OF | 998 |
| 11/06/2012 | NEXT WRIT EVENT | RESPONDENTS ANSWER DUE | 998 |
| 10/19/2012 | WRIT EVENT | APPLICATION FOR PCW FILED | 999 |
| 05/05/2014 | MOTIONS | INTENT FILE MANDAMUS | 993 |
| 05/05/2014 | MOTIONS | FILED CFI 180 | |
| 01/21/2014 | MOTIONS | TO COMPEL | 994 |
| 01/21/2014 | MOTIONS | FILED CFI 180 | |
| 02/11/2013 | MOTIONS | INQUIRY ISS RESOLVED | 995 |
| 02/11/2013 | MOTIONS | FILED CFI 180 | |
| 01/22/2013 | MOTIONS | JUDIC NOTICE ADJ FAC | 996 |
| 01/22/2013 | MOTIONS | FILED CFI 180 | |
| 12/26/2012 | MOTIONS | LIVE EVIDENT HEARING | 997 |
| 12/26/2012 | MOTIONS | FILED CFI 180 | |
| 11/08/2012 | MOTIONS | CERTIFICATE SERVICE | 998 |
| 11/08/2012 | MOTIONS | FILED CFI 180 | |
| 11/08/2012 | MOTIONS | REQ DES OF ISSUES | 999 |
| 11/08/2012 | MOTIONS | FILED CFI 180 | |
| 11/09/2012 | ORDER | STATE PROP ORD DES ISSUES | 999 |
| 11/09/2012 | OFFENSE | EVAD ARREST/DETENTION W/PREV C LEVEL FS | |

Chris Daniel
Harris County District Clerk
P.O. Box 4651
Houston. Texas 77210-4651

December 24, 2012

RE: Motion For Live Plenary Evidentiary Hearing, For Filing And consideration.

"Chris Daniel"

Dear Sir,

I have enclosed a Motion For a Live Plenary, Evidentiary, Hearing For Filing with your office And Also to be considered by the 180th District Court, Judge Brown Presiding. I have addressed a stamp Envelope with my address here to be returned unto me with date Motion was filed And if any other consideration of the the court, the courts response to Motion. Clerk Sir, Would you Please inform me as to the status of my Litigation at this time. Thank you!

Bobby Henry #1719613
Wayne Scott Unit
6969 Retrieve Rd
Angleton Tx 77515

Respectfully Submitted
December 24, 2012

Nos. 1282632-A & 1282633-A

Ex Parte § IN The 180Th District

§ Court OF

Bobby John HENRY,
Applicant. §

§ HARRis County, TEXAS

§

§

### MoTion Requesting A Live EviDenTiary Hearing And Bench Warrant

To The HonorAble Judge of The Above said Court:

Come Now Bobby John HENRY, HeReinAfter ReFerred to As Movant ReQUEST ThAt The Court GrANt Him A Live EviDentiary HEARing AN Bench WarrANt In His Code oF CriminAL Procedure Art. 11.07 Proceedings And In SuPPort ThereoF Will Show As Follows:

### I.

MovANt Is An OFFender In TexAs Dept. oF CriminAl JUstice InstitutionAL Division And is seeking ReliEF PursuAnt To Art. 11.07 VERNON's ANN. CoDe oF CriminAl Procedure Raising severAl Points oF ERRoR Among Which Is An ActuAL Innocence Claim And A Fundamental MisCarriAge oF Justice. ~~MoTion~~ Movant Also is Alleging SevErAl Acts And Omissions oF

1.

Ineffective Assistance of Trial Counsel.

Movant is seeking A Live Evidentiary Hearing an to be Bench Warranted In this Cause of Action to Provide and Present Evidence on His behalf as well as assist the Court with Developing material Records that will substantiate Points of Errors being Raised.

Movant is Seeking This Live Evidentiary Hearing an A Bench Warrant In the Interest of Justice and Judicial Economy And Not For Delay

## II.
### Prayer For Relief

Movant Prays That, The Court, Upon Considering the Raised Points of Error, Grant A Evidentiary Hearing Live And Bench Warrant In this Cause And Allow Movant An Opportunity To Give And Submit Evidence In Support of His Claims.

Service Has Been Accomplished by mailing a true and correct copy of The foregoing Instrument To The Following Address:

TO: Chris Daniel
    Harris County District Clerk
       P.O Box 4651
    Houston, Tx 77210-4651

Bobby Henry #1719613
Bobby Henry
# 1719613
Scott Unit
6999 Retrieve Rd. CT29
Angleton, Tx 77515

2.

It is Ordered that Motion For A Live Evidentiary Hearing And Bench Warrant of Such in the ~~above~~ Jurisdiction of HARRis County in the Case of Above Style And Motion

BE Hereby

Granted _____

SigNED on the ____ day of _____ 20 ____

_____
Presiding Judge

3.



# THE SUPREME COURT OF TEXAS

BLAKE A. HAWTHORNE, CLERK

201 West 14th Street     Post Office Box 12248     Austin, TX 78711
Telephone: 512/463-1312     Facsimile: 512/463-1365

March 22, 2013

Bobby Henry #1719613
Wayne Scott Unit
6999 Retrieve Road
Angleton, Texas   77515

We are in receipt of your recent correspondence.  We have not filed your document with the Court or assigned it a case number.  Please refer to the Texas Rules of Appellate Procedure for more information regarding rules of the Court.  A free copy of the rules is available on our website at http://www.supreme.courts.state.tx.us.

| **Please refer to the check-marked box below for more information on why your document was not filed.** |
| --- |

1.  ☒     The document we received is not a filing in this Court.  The Supreme Court has no authority or resources to conduct investigations, or to take action in any manner which has not been raised in one of the state's trial courts and appealed through the intermediate courts of appeals.

2.  ☐     The Supreme Court does not provide sample forms, copies of rules or copies of other documents by mail.

3.  ☐     The Supreme Court is the state's highest appellate court for civil cases.  The Supreme Court does not have jurisdiction over criminal cases and does not review the decisions of the Court of Criminal Appeals.  *See* Tex. Gov't Code §§ 22.001-22.002.  The Court of Criminal Appeals has final jurisdiction over criminal matters in the State of Texas.  *See* Tex. Gov't Code § 22.001 & Texas Constitution, Article V, Section 3.  A petition for discretionary review in a criminal case must be filed with the clerk of the court of appeals.  *See* TEX. R. APP. P. 68.3.

4.  ☐     Your document was forwarded to the Court of Criminal Appeals.  See above paragraph.

5.  ☐     The Supreme Court does not review the decisions of federal courts.  In the event that you intended to appeal the decision of a federal court to the U.S. Supreme Court, we are returning your appeal which has been stamped with the date it was received by the Supreme Court of Texas.

6.  ☐     The Court of Appeals case number that you reference in your filing was previously filed as a mandamus.  It is not necessary to file a motion to extend time with this Court in a mandamus proceeding.  If you are seeking review of the denial of a mandamus, you must file a petition for writ of mandamus that complies with Rule 52 of the Texas Rules of Appellate Procedure.

7.  ☐     Your petition for review has been denied, the final order was sent out and the case has been stored.  The case is closed and the decision of the Court is final.

Sincerely,

*Blake A. Hawthorne*

Clerk, The Supreme Court of Texas

Chief Justice Wallace Jefferson
State Supreme Court Justice
P.O. Box 12248
Austin Texas 78711-2248

RE: Request Grievance forms.

Chief Justice Wallace Jefferson
"Sir"

Greetings. i Am writing to you to hopefully recieve some Assistance in a matter of getting my trial Judge to perform a ministerial duty pertaining a Application of Writ of Habeas Corpus which was filed in his court, And also which have been designated issues found by The state of Texas and through its Assistant District Attorney for Harris County. The Assistant District Attorney designate the following issue which needs to be resolved:

1.) Whether the Applicant was denied the effective Assistance of Counsel.

On November 9. 2012. Having reviewed the Applicant's Application for Writ of Habeas Corpus. the Court finds that the following issue above needs to be resolved in the instant Proceeding:

Therefore, pursuant to Article 11.07, § 3(d), this Court will resolve the Above-cited issue And then enter findings of fact. The Clerk of the court is Ordered Not to transmit at this

(1)

time any document in the above-styled case to the Court of Criminal Appeals until further order by this Court.

According to Art. 11.07. Procedure after conviction without Death Penalty: Art. 11.07 sec. 3 (d). states. To resolve those issues the court may order affidavits, depositions, interrogatories, additional forensic testing, and hearings, as well as using personal recollection.

Chief Justice Jefferson. My grievance is clear. In the orders dated November 9, 2012 on Cause Nos. 1282632-A & 1282633-A The Judge of the Court 180th Judicial District, Marc Brown. presiding who also is the State when signed said orders elected not to reveal his method, out of the six resolutions in which is the procedure to resolve said issues. I have through the Clerk of Court Chris Daniel, brought this matter to the Courts attention. However, of no avail. This is clearly an inordinate delay. I should not have to invoke extraordinary remedies when those remedies are alternative to the standard review process and where the State Court have not provided relief through those remedies in the past. An Application for writ of Habeas Corpus is not to lay dormant but to proceed to its fullest potential for one seeking relief. Judge Marc Brown took office and preside on the bench to be just in all that he do. even more so while administrating in the capacity of a Judge. I only ask for Justice where it has been unjust. In reading your latest article in the paper i am persuaded that you would be the proper avenue to getting something done in getting my litigation moving forward

(2.)

Without the unnecessary delays And without having the Judge to Act in a prejudice manner against me because i grieved this situation instead of carges the courts with Alternative remedies whereas the great Writ of Habeas Corpus is the proper Vehicle for relief. I pray that this Honorable Justice grant me Consideration And sends to me a Grievance form or Administer what Chief Justice deem is proper in my behalf.

Respectfully submitted

3-20-13

Bobby Henry #1719613
Wayne Scott Unit
6999 Retrieve Rd
Angleton, Texas 77515

#1719613

Patti. H. Johnson, Secretary                    5-3-13
State Commission on Judicial Conduct
    P.O. Box 12265
Austin Texas 78711

Subject: Exhibits to be added to case file CJC no. 13-0666-DI

"Dear Patti. H. Johnson Maam"

On April 15, 2013 i recieved a corrospondence from your
department informing Me that My Grievence is being invest-
igated. I was told that i could submit additional document
for consideration. Please find enclosed additional documents
to be added to this file CJC No. 13-0666-DI. If it
would be at No hardship would you Please inform Me
when you recieved these documents they are being mailed off
5-3-13 To your department as well as to Chris Daniel
Harris County District Clerk P.O. Box 4651 Houston Tx 77210-
4651. Thank you, you are appreciated.

                        Respectfully Submitted,
                        Mr. Bobby John Henry #1719613
                        Wayne Scott Unit
                        6999 Retrieve Rd
                        Angleton Texas 77515

                                        #1719613

Chris Daniel
Harris County District Clerk
P.O. Box 4651
Houston, Texas 77210-4651

5-3-13

Subject: Inquiry And Notice for Filing

Chris Daniel Sir,

Please find enclosed An inquiry And Notice for filing with Criminal Court 180 Judicial District Court, Harris County Tx. Where Judge Marc Brown presides. Please submit this inquiry to the Honorable Court Judge for consideration At its earliest convinience. Thanks!

Respectfully Submitted,
Mr. Bobby John Henry #1719613
Wayne Scott Unit
6999 Retrieve Rd
Angleton, Texas 77515

#1719613

Nos 1282632-A & 1282633-A

| | | |
|---|---|---|
| Ex Parte | § | In The 180Th District |
| | § | |
| Bobby John Henry | § | Court Of |
| Applicant | § | |
| | § | Harris County, Texas |

Applicants' Fourth inquiry Asking Above sited Court to resolve issues; And Notice of Due Process And Due Coarse of Law Violations

To The Honorable Judge of the Above said Court:

Comes Now Bobby John Henry proceeding Pro se in this Cause And in Support of this inquiry And Notice, would show this Honorable Court the following:

## I.

On November 8, 2012, The state of Texas by And through her Assistant District Attorney Designated issues in Cause Nos 1282632-A & 1282633-A "Whether Applicant was denied effective assistance of counsel." The Court adopted the motion an also designated the same Above stated issues to be resolved On November 9, 2012.

## II.

Applicant asserts that he has on Numerous occassions by form of An inquiry addressed to the Above sited Court asked said Court to select any of the six forms to resolve Above said issues where it had failed to address that form in which it elects to resolve the issue in the orders dated November 9, 2012, but to No avail. This is Applicants fourth attempt asking respectfully that this Honorable Court process his Writ of Habeas Corpus instead of allowing it to lay dormant which is a

1.

denial of due Process.

The state, federal and supreme case law mandates that when an Applicant file a Collateral attack on his Criminal conviction the initial task is to determine whether his Allegations if proven would establish the right to Habeas Relief. If so proven he is entitled to an evidentiary Hearing to further Develop the factual bases with facts outside the record. Ex Parte Reyna 701. SW 2d 921 (Tx Crim App. 1986) Streetman V. Lynaugh 812 f 2d 950, 956. (5th cir) Townsend V. Sain 372. US 298. 307. 83 S. Ct 745. 9. LED 2d 770 [1963]

## III.

### Prayer for Relief

Applicant Prays that the Court upon Considering the above raised Point of error and Notice of Due Process violation, Grant a Live Plenary Evidentiary Hearing in this Cause and Allow Applicant an opportunity to give and submit evidence in support of his Claims.

Service has been accomplished by mailing a true and correct Copy of the following forgoing Instrument to the following address

To: Chris Daniel
Harris County District Clerk
P.O. Box 4651
Houston. Tx. 77210-4651

C.C. filed and sent to:
State Commission on
Judicial Conduct
P.O. Box 12265. Austin Tx 78711

Bobby John Henry #1719613
Wayne Scott Unit
6999 Retrieve Rd
Angleton Tx 77515-6618

Date: 5-3-13

2.

Cause Nos. 1282632-A & 1282633-A

Ex Parte                    §    In The 180Th District Court
                            §
                            §    Of
                            §
Bobby Henry,                §    Harris County, Texas
Applicant                   §
                            §
                            §

Applicants' Fifth Inquiry, inquiring about manner in which to resolve "issues" "whether Applicant was denied the effectiveness of Counsel."

To The Honorable Judge of the Above said Court:

Comes Now Bobby John Henry proceeding Pro se in this cause and in support of this Fifth Inquiry would show this Honorable Court the following:

I.

On November 8, 2012. The State of Texas by and through its Assistant District Attorney for Harris County, requests that this Court, pursuant to Tex. Code Crim. Proc. Art. 11.07 § 3 (d) designate the following issue which needs to be resolved:

1.) "Whether the Applicant was denied the effective assistance of Counsel."

The state of Texas, by and through its Assistant District Attorney for Harris County, requests that the above issue need to be resolved in both causes. Nos 1282632-A & 1282633-A

(1)

Pursuant to Tex. Code Crim. Proc. Art. 11.07 § 3 (d). This Court having reviewed the Applicant's Application for Writ of Habeas Corpus. the Court finds that the following issue need to be resolved in the instant proceeding: Therefore, pursuant to Article 11.07 § 3 (d) this court will resolve the above-cited issue and then enter findings of facts.

November 9, 2012. The Court adopted the states proposed order designating issues.

## II.

Art. 11.07. Procedure After Conviction without death Penalty: Art. 11.07 sec. 3 (d).

If the convicting court decides that there are controverted. previously unresolved facts which are material to the legality of the Applicant's confinement, it shall enter an order with in 20 days of the expiration of the time allowed for the state to reply, designating the issues of fact to be resolved. To resolve those issues the Court may order affidavits. depositions. interrogatories. additional forensic testing. and hearings. as well as using personal recollection.

Applicant asserts that this Honorable Court has Not elected None of the above resolution to resolve the above cited-issue aforementioned up to this date and have not shown Applicant the common courtesy to respond to Applicants previously requested Inquiry's

(2.)

Willie Dozie V. Elmer Cody 430 F 2d 1637 (7th cir 1970)

While federal courts usually wait for the completion of State writ proceeding before hearing habeas corpus petitions, there are exceptions. The U.S. Supreme Court said in Bartone V. United States, 375 U.S. 52 54, 84 S.Ct 2122 11 L. Ed. 2d 11 (1963) where State procedural savants or obstacles precludes an effective State remedy against unConstitutional Convictions. Federal courts have no other choice but to grant relief in the Collateral proceeding. The leading case is Smith V. Kansas, 356 F 2d 654 (10th cir 1966) where petitioner was subjected to a one-year delay between the filing of his petition for post-Conviction relief and the entry of an appealable order. The Court said we have recognized that inordinate delay in the adjudication of an asserted post-Conviction remedy may very well work a denial of due process cognizable in the federal Court, at 356 F.2d 656. The 5th and Tenth circuits, when faced with inordinate delay in the State Courts for a determination of whether the delays were justifiable. If the district Court found the delay was justifiable, it was ordered to proceed to a hearing on the merits of the habeas corpus petition. Dixon V. Florida, 388 F 2d 424 (5th cir 1968).

Inexcusable delay in processing an appeal may become a denial of due Process and a district Court should hold a hearing to determine the Cause of the delay. Tramel V. State of Idaho 459 F2d 57 (10th cir 1972) Jones V. Crouse, 360 F 2d 157 (10th cir 1966)

(3.)

Clark v. Crouse 359 F2d 795 (10th cir 1966); Twyman v. Crouse 3..
F2d 507 (10th cir 1965). The Tenth Circuit has determined that
unexplained delays of 18 months and 12 months in processing an
Appeal renders the Appeal ineffective. Reynak v. Whyte 540 F2d
1582 (5th cir 1976); St. Jules v. Beto 462 F2d 1365 (5th cir 1972);
Dixon v. State of Florida 388 F2d 424 (5th cir 1968).
Inexcusable delay entitled the petitioner to federal review of the
habeas claims. Way v. Crouse 421 F2d 145 (10th cir 1970); Smith v.
State of Kansas, 356 F2d 654 (10th cir 1966) The Federal courts have
also recognized that when a state in effect closes its doors to a
state petitioner and refuses to afford him due process on a habeas
corpus claim, a federal court need not further delay its own process.
Comity is not as significant a factor if the delay in processing an
appeal has occurred at the trial court where a 15 month delay
requires justification hearing by Federal court and possibly hearing
on the merits. The requirement that a petitioner exhaust state remedies
before seeking federal relief is however not jurisdictional prerequisite.
it is founded on flexible considerations of comity. In some cases the
Federal courts need to assure prompt protection for federal rights
may supercede the policy in favor of deference to state judicial
processes. Even though the petitioner has not exhausted state remedies. See
Development Supra, 8.3 thru L. Rev. at 1094-1103.
Two considerations in the present case under cut the usual policy of
requiring exhaustion. First the state proceeding were marked by delay.
Federal court assumes that the State court will give a prompt consid-
eration to claims of violation of federal rights. The exhaustion doctrine
however has long operated to delay Federal consideration of Constitutional
claims raised by state prisoner. An undue delay by the state in
treating a prisoner petition will obviate the need for exhaustion.

(4)

## III.

Applicant would further show this Honorable Court that on 1-30-13. Applicant filed an Inquiry with the Clerk of Court Chris Daniel. Also on 2-6-13 And a letter to Clerk Styled Applicant's 2nd Inquiry referring to the resolution in which this Court shall elect to resolve said issues. Applicant's only motive for submitting said above inquiry's is because this Honorable court within its business have only designated issues in Cause Nos. 1282632-A And 1282633-A but neglected to specify the form in which to resolve aforementioned issues. Applicant only prays to this Honorable Court that it would act upon the receipt of this Inquiry. select a resolution form that would further this proceeding And Not leave this matter dormant. Applicant has shown up to this point Due deligence in requesting this Honorable Court to adhere there ministerial duty And resolve the issue that Applicant might recieve relief. Applicant's attempts Also is to exhaust remedies without further disturbance And Not bypass State remedies but respect the chain of command.

O'Sullivan. 119 S.Ct. 1728 (B)

Thus. We have not interpreted the exhaustion doctrine to Require Prisoners to file Repetitive petitions. (see Brown 73. S.ct 397). holding that a prisoner does not have to ask the state for Collateral Relief based on the same evidence and issues already decided by direct review. We have Also held that state prisoners do not have to invoke extraordinary Remedies when

(5)

those remedies are alternative to the standard review process and where the state courts have not provided relief through those remedies in the past. (See Wilwording 92 S.Ct 407) "Rejecting suggestion" that state prisoners should have invoked "any number of possible alternatives to state habeas including" a suit for injunction. A writ of Prohibition, or Mandamus or a declaratory Judgment in the state courts, or perhaps other relief under the State administrative Procedures Act.")

Turner V. Bagley 401 F.3d 718 (6th Cir 2005) 28 U.S.C § 2243 confers federal courts with the descretion to dispose of habeas corpus matters and tailor remedies as Law and Justice requires.

## Prayer

Wherefore, Premises considered, Applicant prays that this Honorable court resolve the designated issues and not lade this proceeding dormant any further that Applicant may receive relief he is Justly entitled to. it is so prayed.

## Certificate of Services

I, hereby certify that a true and correct copy of this Notice regarding the court to proceed in this cause Nos 1282632-A & 1282633-A has been mailed to Chris Daniel Harris County District Clerk. P.O. Box 4651 Houston, Texas 77210-4651 and State Commission on Judicial Conduct P.O. Box 12265 Austin Texas 78711 by placing a copy of same in the U.S. mail on this 3rd June 2013

Bobby John Henry # 1714613

(6)

# State Commission on Judicial Conduct

**Officers**
Tom Cunningham, Chair
Steven L. Seider, Vice Chair
Patti H. Johnson, Secretary

**Members**
Sid Harle
Karry K. Matson
Joel P. Baker
Edward J. Spillane, III
Martha M. Hernandez
Diane D. Threadgill
M. Sue Kurita
David Gaultney
Valerie E. Ertz
Ricky A. Raven



**Executive Director**
Seana Willing

September 27, 2013

CONFIDENTIAL

Bobby John Henry
Wayne Scott Unit 1719613
6999 Retrieve Rd
Angleton TX   77515-6618

    Re:    CJC No. 13-0666-DI

Dear Mr. Henry:

    We are continuing our investigation into the complaint you filed with us on April 9, 2013. We sincerely appreciate your patience in this time-consuming process.

    We will be presenting this matter to the Commission as soon as we have completed our investigation, and we will notify you of their decision. If you should have any questions in the meantime, however, you may contact our office toll free at (877) 228-5750.

    Keep in mind the Commission does not have the authority to give legal advice or change the ruling of any court. Also, please understand that the Commission's jurisdiction is limited to the review of allegations of judicial misconduct and does not preclude other remedies that may be available to you.

    We would appreciate it if you would keep us advised of any new developments you feel would benefit our investigation. Additionally, since it may be necessary to contact you for additional information, please keep us informed of any change to your address and/or telephone number.

STATE COMMISSION ON JUDICIAL CONDUCT

On October 22nd, 2010, applicant was arrested and charged with the offense's of Burglary of a Habitation an evading arrest/dentention. On November 19th,2010 Applicant was indicted on both charges with two (2) enhancement paragraphs raising the punishment from 5 to 99 or life, to 25 to 99 or life. After confering with defense counsel, I advised counsel that I was not guilty of these charges. I advised counsel that I never entered this Habitation. Defense counsel advised me that because of my priors that he would not be able to defend me against this Burglary of a habitation and that my case was a very big ordeal inwhich I would be charged with more burglaries whether I was guilty of them or not, only to force me to plead guilty, and that there was no visiable defense for me. Defense counsel advised me that it would be in my best interest to act upon the States offer and plead guilty to the indictments, and take the 35 years and 20 years.. Applicant was just taking advantage of what seemed to be a discounted sentense in a plea bargain, rather than gamble on a far greater sentence if a mistaken verdict is returned. Applicant looked at the compounding facts and elements of what was being told to him and accepted the advice of his attorney. Applicant plea of guilty came from the forces of "fear and uncertainty of the outcome if he didn't accept the plea offer." Applicant was influenced by factors based on applicant's inability to act for himself and disprove any case that the State may bring up against him, inability to afford counsel that was willing to fight in a trial on his behalf. Applicant on or about October 22, 2010 was arrested for the alleged offense of Burglary of a Habitation, which never occurred and Class (A) misdemeanor of evading arrest on foot in cause #'s 1282632 and 1282633. Three (3) days after applicants arrest on October 25 2010, The alleged complainant "Luc Schlumberger issued a statement to the District Attorney which was actually noted in the District Attorney's file folder number #1282632; "Luc Schlumberger" 10-25-10, No Items taken defendant did not actually get inside the home, says defendant was "caught when he was knocking on the windows"" of complaining witness home.

No damage was done to the home" Applicant was subsequently indicted which reads: On or about October 22, 2010 did then and there knowingly, with the intent to commit Theft "Enter" habitation owned by Luc Schlumberger, a person having a greater right to possession of the habitation than defendant and hereinafter styled The complainant, without the effective consent of the complainant namely without consent of any kind..." The contradictory information in paragraphs one (1) and (2) two above coupled with the applicant's innocence attests to the fact that someone committed aggravated perjury in testifying before the Grand Jury intentionally and knowingly. The prosecutor intentionally and knowingly withheld exculpatory Brady material as well as defense attorney for applicant, in direct contravention of the Vernons Annotated Texas Code of Criminal Procedure, Article 2.01 and defense counsel failed and refused to conduct an independent investigation. It can not be said that counsel had NO knowledge of this statement because counsel provided a copy of applicant's file folder inwhich he gathered and kept on applicant's proceedings and on July 6,2010 defense attorney forwarded applicant a copy of that file folder via request on June 25, 2012. Also, in that file that applicant received from defense attorney, there's also emails from D.A to counsel admitting that H.P.D only showed applicants photo to other complainants, which is clearly "Suggestive Identification". These records will prove that H.P.D District Attorney's of court-room 180th, and defense counsel Richard Bax along with Judge Marc Brown all conspired together to lock applicant up in prison knowing that applicant was not guilty of said crime. Judge Marc Brown knows that applicant is actually innocent but he continues to not adhere to his ministerial duties and resolve a, a correctly filed 11.07 application for Writ of Habeas Corpus. Applicant have been waiting on Judge Marc Brown for over 18 months to resolve issues that he has ordered by his own signature to resolve. Judge Marc Brown is retaliating against me because I filed a grievence against him with the State commission on Judicial Conduct, case number: CJC No 13-0666-OI. Judge Brown knows that I am actually innocent but continues to keep me confined in Prison against

my will. Someone in Judge Brown's courtroom between his D.A's have committed aggravated perjury to the Grand Jury. Judge Brown will not prosecute that fact but he prosecuted an innocent person knowingly that applicant was innocent. I'm sending two (2) exhibit that you may come to your own conclusion. It is very clear what has taken place and I'm asking that this be investigated and prosecuted. Also If you would make a copy of the two (2) exhibits and return them back to me. I have no other viable avenue to receive relief. Judge Marc Brown is too powerful and prestigeous for my person without help from a powerful source.

Respectfully Submitted

Bobby Henry #779613

In this case applicant is not dealing with a statutory or rule violation in his case, here the applicant presents a valid claim of "actual innocence", based on evidence that was unavailable to him at the time he plead guilty. Applicant asserts that his claim of actual innocence rest upon his plea of "guilty", and the statement of complaining witness and home owner (Luc Schlumberger), which shows that the applicant is actually innocent; In the case before you, the applicant submits that, based upon the statement of Luc Schlumberger, the applicant is clearly and convincingly innocent of the charge for which he is being held and convicted for, and that further incarceration based upon a conviction that is not clear and unsupportable beyond a reasonable doubt from the record undermines the efficientcy of applicant's conviction, as results in a continued due process violation. The State has an affirmative duty to disclose favorable evidence under the due Process Clause, Brady V Maryland 83 S.Ct 1194 (1963) In the instant case, the State knowingly suppressed the report of Luc Schlumberger in the District Attorney's files, where the home owner personally gave a statement to the D.A's office on 10-25-10 only (3) days after the alleged crime, stating that applicant never entered into the home and no damage was done, and all applicant done was knocked on the window. (D.A notes within his file folder #1282632) This was obviously favorable evidence. Moreover, had this favorable evidence been put before him on discovery that he would have insisted on going to trial. Consequently, since applicant did not have this evidence in the District Attorney's files he was forced to plead guilty to a crime which the evidence clearly shows that he is innocent of·

The fifth amendment to the United State Constitution provides that no person shall be deprived of life, liberty, or property, without due process of law. U.S Const.Amend V; (See also, Texas Const, Art I § Sec 19. As an initial matter, the applicant submits that the fifth amendments due process protections are applicable to the State via operation of the Fourteenth amendment to the

United States Constitution. Applicant contends, that his bare innocence claim is cognizable in a Writ of Habeas Corpus, which he has prepared correctly and filed with court 180, and his guilty plea"does not" preclude his actual innocence claim under Elizondo, 947 S.W 2d 202 (Tex.Crim.App 1996) Holding,"The incarceration of an innocent person offends Federal due process, therefore, a bare innocence claim raises a constitutional challedge to the conviction" 947 S.W2d at 205. The Texas Criminal Appeals Court has held that there is nothing equitable about permitting an innocent person to remain in prison when he produces new evidence that unquestionably shows that he did not commit the offense for which he is incarcerated. The purpose of Criminal proceedings is to seperate the guilty from the innocent. The Crux of the issue is that the New evidence undermines the confidence of applicant's guilt and his guilty plea is infirm. 131 S.Ct 1388; 179 L.Ed 2d 557; 2011 U.S Lexis 2616; The U.S Supreme Court held that Habeas Corpus review under 28 U.S.C.A §2254(d)(1) was limited to the record that was before the State Court which adjudicated the prisoner's claim on the merits and on the record before the State Court. The prisoner was not entitled to Habeas relief. In applying the Habeas standards of whether the State Court reached a decision which was contrary to or an unreasonable application of Federal Law, or an unreasonable determination of the facts. Review was limited to the law and record applicable to the State Court at time it's decision was rendered. Further,the difference due to the State Courts findings and the strong, presumption that counsel acted competently indicated that the States summary denials of the prisoner's State Habeas petitions were properly based on the lack of a showing that the marginally mitigating evidence was improperly, rather strategically, withheld by counsel. Under Rule 11(C) and (F) of the Federal Rules of Criminal procedure the Courts should not enter a judgement upon such plea without making a "factual inquiry as shall satisfy it that there is a factual basis for the plea" And given the circumstances, applicant simple agreed with the prosecutor's recitation of what applicant

suppose to have done does not establish an adequate factual basis for applicant's guilty plea. The Court had a duty under rule (11) to not just have applicant to agree or disagree with prosecutor's recitation, but to have applicant to explain in his own words what he had done and was pleading guilty to. A simple "Yes" is not factual enough basis for guilty plea. Mandamus is available to correct Judicial action that ignores clear, binding precedent" because "Trial Judges do not enjoy the freedom to ignore the law. State Ex Rel Healey V Mc Means 884 S.W 2d 772,774 (Tex.Crim.App 1994) As a matter of precedence, consideration of a Motion properly filed and before the Court is ministerial. Kozacki V Knize 883 S.W 2d 760,762 (Tex.App-Waco 1994)(citing State Ex Rel, Curry V Gray 726 S.W 2d 125,128 (Tex.Crim.App 1987).

The leading case is Smith V Kansas 356 F.2d 654(10th Cir 1966) Where petitioner was subjected to a one-year delay between the filing of his petition for Post-Conviction relief and the entry of an applicable order. The Court said: We have recognized that inordinate delay in the adjudication of an asserted post-conviction remedy may very well work a denial of due process cognizable in the Federal Court, at 356 F.2d 656. The fifth and tenth circuit, when faced with inordinate delay in State Courts have remanded cases to the Federal District Courts for a determination of whether the delay were justifiable. If the District Court found the delay was not justifiable, it was ordered to proceed to a hearing on the merits of the Habeas Corpus petition. Dixon V Florida 388 F.2d 424 (5th Cir 1968)

# AFFIDAVIT

I Bobby Henry #1719613 am of the age of 18, and of sound mind and competent in making this affidavit I have read said facts within the Preliminary fact as well as the case law present, declare under the penalty of perjury that the fact are true to the best of my knowledge.

I Bobby Henry #1719613 declare under the penalty of perjury the the facts stated within are true and correct to the best of my knowledge. This affidavit is made pursuant to U.S.C.A 1746. Exucuted on this the 27 day of MAY 2014.

Bobby Henry 1719613

*Bobby Henry 1719613*

I HEREBY GIVE DULLY SWORN NOTICE OF COMPLAINT AS SUCH THIS IS PURSUANT TO 28 U.S.C 2243

EXHIBIT

DA Note - inside file folder

#1282632

*Exhibit A*

" L. Schlumberger
10/25/10
No items taken. D did not actually
get inside the house. Says D
was caught when he was knocking
on the windows of cw's home. No
damage done to house. "

*Exhibit A*



# Second Administrative Judicial Region of Texas
## Olen Underwood
### Presiding Judge

*Melanie Sipes*
*Administrative Assistant*

*Rebecca Brite*
*Administrative Assistant*

November 14, 2013

Bobby Henry #1719613
Wayne Scott Unit
6999 Retrieve Rd.
Angleton, TX 77515

Dear Mr. Henry:

This office has received your correspondence of November 5, 2013 regarding your Writ of Habeas Corpus 11.07. Please be advised that this office has no authority over your matter.

Sorry I cannot be of further assistance.

Sincerely,

Olen Underwood
OU/ms

Honorable Presiding Judge
Olen Underwood
Suite 102, 301 N Thompson St.
Conroe, Texas 77301

"Honorable Presiding Judge Olen Underwood"
Sir.
Greetings. My Name is Mr. Bobby John Henry, TDC # 1719613
i Am currently incarcerated here at the Wayne Scott Unit, in Angleton,
Texas. I Am sentenced to a 35 year sentence for a crime of Burglary
of a habitation on a 20 year sentence for Avoiding Arrest on feet. Sir,
i have followed the instructions that has been prepared for such people
who are Unsatisfied with the results of their trial counsel and their sentenc-
ing. I have prepared for myself a collateral attack by Writ of Habeas
Corpus pursuant to Article 11.07 Code of Criminal Procedures. On the
date of November 8, 2012. The State of Texas by and through its Assistant
District Attorney for Harris County. The State designated the following
issues which need to be resolved:
1) "Whether the Applicant was denied the effective assistance of counsel."
On November 9, 2012. Having reviewed the Applicants Application for Writ
of Habeas Corpus, the Court finds that the ~~Determined~~ above issue needs
to be resolved in the instant Proceeding:
Therefore, pursuant to Article 11.07 § 3(d) the Court will resolve the
above-cited issue and there enter findings of Facts.
"Judge Underwood Sir," i have motioned to the court and have Asked the
Honorable Judge Marc Brown of the 180th Judicial District Court to resolve
the issue At hand by the use of Any of the Six (6) Forms permitted by
Law according to Code of Criminal Procedures 11.07 § 3(d) However,
Until this present date the Court has ignored All inquirys on this matter.

(1.)

Sir, i am writing to you because i have learned the power that you have as the Presiding Judge over this region of Judges. I feel that for the Judge of 180th Judicial Court to further delay without cause or merit for doing so, is violating My Due Process and Due coarse of law rights under the 14teenth Amendment. Furthermore, it is an offense and very deadly blow to our legal system if it fail because of the bias and prejudiceness of a Court systems failure to render the adequate procedural duties inwhich it stands for. Sir, Judge Marc Brown appointed the attorney that wrongfully suggested that i plead guilty to a burglary of a habitation when he knew that i had not committed any such crime, in fact in my attorney's file folder that he gathered according to Motion to inspect on me that the District Atty. made availible for him there was given a statement from the complaining witness that stated what had occurred, and according to the complaining witness statement there was no evidence that would satisfy a burglary of any kind. I'm sending a copy of what my attorney sent me when i requested a copy of the file that he Kelp on me in cause #'s 1282632-A and 1282633-A. I also attached the same to my 11.07 application, which would surely reveal ineffectiveness of counsel, and also malicious prosecution on the District attorney's behalf because they continued to offer me time and use my priors t. pursuede me to plead guilty to something that i was not guilty for, but too poor to afford an attorney that would work in my behalf. Sir, i'm asking you to help me get Due Process, i shouldn't be continued but i am, and i shouldn't have to file extraordinary remedies when those remedies are alternative to the standard review process and where the state Courts have not provided relief through those remedies in the past. Thank you for your assistance.

Date: 11-5-13

Bobby Henry # 1419613
6909 Retrieve Rd
Angleton Tx 77515

(2)

Cause Nos. 1282632-A & 1282633-A

| | | |
|---|---|---|
| Ex Parte | § | In The 180th Judicial |
| | § | District Court of |
| Bobby Henry | § | Harris County, Texas |
| | § | |
| | § | |
| | § | |
| | § | |

**Plaintiff's Motion Pursuant To Federal Rules Of Civil procedure Rule 72 To have His Numerous Pending motions Ruled on:**

To The Honorable Judge of said Court:

Comes Now, Bobby John Henry, Plaintiff herein proceeding Pro Se and in support of this motion will show this Honorable Court the following:

## I.

Plaintiff is entitled to have motions ruled on that are not dispositive of the entire cause of action. See Fed. R. Civ. Rule 72: "Nondispositive matters. When a pretrial matter not dispositive of a party's claim or defense is referred to a trial Judge to hear and decide, the trial Judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections within 10 days after being served with a copy."

## II.

Plaintiff has the following motions pending for which he is now seeking a ruling:

(1.)

1). Plaintiff's Motion for a Live Plenary Evidentiary hearing filed on 12-24-2012.

2). Plaintiff Inquiry's of the manner in which the issues shall be resolved; Dates of 1-18-13, 2-6-13; 3-1-13 And 4-1-13

3). Plaintiff's Applications of Writ of Habeas Corpus Cause Nos. #1282632-A and 1282633-A where issues has been designated by the Court and her Assistant District Attorney for Harris County, on the Dates of 11-8-2012 and 11-9-2012 to be resolved:

Wherefore, Premises considered, Plaintiff pray that this motion will be granted and ~~thereafter~~ thereafter a ruling be issued on each motion that has been filed in these Causes, and grant Plaintiff any other or additional relief he is justly entitled to. it is so prayed.

I, Bobby John Henry #1719613 incarcerated in the Texas Department of Criminal Justice Correctional institutional Division, at the Wayne Scott Unit, Brazoria county Texas, declares under the penalty of perjury that to the best of my knowledge and belief the facts and legal authority within this motion are true and correct.

Executed on the __day of January, 2014.__ under both federal Law (28 U.S.C. 1746 and State Law (U.A.C.C. Proc. & Remedies Code, § 132.001-132.003).

Respectfully Submitted,
Bobby Henry #1719613
Bobby John Henry #1719613
Wayne Scott Unit,
6699 Retrieve Rd
Angleton, Texas 77515

(2)

Service has been accomplished by mailing a true and correct copy of the following forgoing instrument to the following address:

To: Chris Daniel
Harris County District Clerk
P.O. Box 4651
Houston Texas 77210-4651

(3)

It is ordered that Plaintiff's motion Pursuant to Federal Rules of Civil procedures Rule 72. To have his numerous pending motions Ruled on or such in the Jurisdiction of Harris County in the cases of above style and Motion

Be Hereby

Granted: _____

Not Granted: _____

signed on the _____ day of _____ 20 _____

_____
Presiding Judge

*my Copy*

MR. BOBBY JOHN HENRY
TDCJ-CID # 1719613
WAYNE SCOTT UNIT
6999 RETRIEVE ROAD
ANGLETON, TEXAS 77515

JANUARY 13, 2014

DISTRICT CLERK
HARRIS COUNTY
CIVIL COURTHOUSE
201 CAROLINE ST., STE. 420
HOUSTON, TEXAS 77210

RE: EX PARTE BOBBY JOHN HENRY
IN THE 180TH DISTRICT COURT OF HARRIS COUNTY, TEXAS
CAUSE NUMBER 1282632-A, CAUSE NUMBER 1282633-A

DEAR CLERK:

GREETINGS! ENCLOSED PLEASE FIND THE ORIGINAL
AND A CARBON COPY THIS COVER LETTER, THE APPLICANT'S
MOTION TO COMPEL, CERTIFICATE OF SERVICE, AND
TWO (2) PROPOSED ORDERS IN THE TWO (2) AFOREMENTIONED
CAUSE NUMBERS THAT I AM REQUESTING THAT YOU PLEASE
BRING THEM TO THE IMMEDIATE ATTENTION OF THE
HONORABLE COURT AS SOON AS THE COURTS BUSINESS
PERMITS.

ALSO ENCLOSED IS A CARBON COPY OF THE
AFOREMENTIONED DOCUMENTS THAT I AM REQUESTING
THAT YOU PLEASE DATE-STAMP EACH DOCUMENT AS FILE-
NOTED AND RETURN THEM TO ME ALONG WITH THE
PROPOSED ORDERS IN CAUSE NUMBER 1282632-A AND
CAUSE NUMBER 1282633-A FOR MY PERSONAL FILES
IN THE SELF-ADDRESSED STAMPED ENVELOPE ENCLOSED
FOR SAID PURPOSE SUBSEQUENT TO THE CLERK OBTAIN-
ING A RULING FROM THE TRIAL COURT PURSUANT TO
THE APPLICANT'S MOTION TO COMPEL.

THANKING YOU IN ADVANCE FOR YOUR TIME,
PROFESSIONAL ASSISTANCE, AND COOPERATION IN
THE MATTER OF MY VERY URGENT REQUEST. I REMAIN,
APPRECIATIVE.

RESPECTFULLY SUBMITTED,

ENCLOSURE
CC: FILE

/S/ _Bobby Henry_ 1719613
BOBBY JOHN HENRY
IN PRO-SE CAPACITY

CAUSE NUMBERS 1282632-A, 1282633-A

EX PARTE                      § IN THE 180TH DISTRICT
                              §        COURT OF
BOBBY JOHN HENRY              § HARRIS COUNTY, TEXAS

## MOTION TO COMPEL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, BOBBY JOHN HENRY, THE APPLICANT IN THE ABOVE-ENTITLED AND NUMBERED CAUSE OF ACTION AND FILES THIS HIS MOTION TO COMPEL THE TRIAL JUDGE TO RULE ON OR OTHERWISE ANSWER THE APPLICANT'S STATE WRIT OF HABEAS CORPUS AND WOULD RESPECTFULLY SHOW UNTO THE COURTS AS FOLLOWS:

I.

APPLICANT ON OR ABOUT OCTOBER 22, 2010, WAS ARRESTED FOR THE ALLEGED OFFENSE OF BURGLARY OF A HABITATION WHICH NEVER OCCURRED AND CLASS A MISDEMEANOR OF EVADING ARREST ON FOOT IN CAUSE NUMBERS 1282632 AND 1282633, RESPECTIVELY. THREE DAYS AFTER APPLICANT'S ARREST ON OCTOBER 25, 2010, THE ALLEGED COMPLAINANT LUC SCHLUMBERGER ISSUED A STATEMENT TO THE DISTRICT ATTORNEY WHICH WAS ACTUALLY NOTED IN THE DISTRICT ATTORNEY'S FILE FOLDER NUMBER 1282632: "L. SCHLUMBERGER 10/25/10 NO ITEMS TAKEN, DEFENDANT DID NOT ACTUALLY GET INSIDE THE HOME. SAYS DEFENDANT WAS CAUGHT WHEN HE WAS KNOCKING ON THE WINDOWS OF COMPLAINING WITNESSE'S HOME. NO DAMAGE WAS DONE TO THE HOME."

II.

APPLICANT WAS SUBSEQUENTLY INDICTED WHICH READS: "ON OR ABOUT OCTOBER 22, 2010, DID THEN AND THERE KNOWINGLY, WITH INTENT TO COMMIT THEFT, ENTER HABITATION OWNED BY LUC SCHLUMBERGER, A PERSON HAVING A GREATER RIGHT TO POSSESSION OF THE HABITATION THAN THE DEFENDANT AND HEREINAFTER STYLED THE COMPLAINANT, WITHOUT THE EFFECTIVE CONSENT OF THE COMPLAINANT, NAMELY, WITHOUT CONSENT OF ANY KIND....

## III.

THE CONTRADICTORY INFORMATION IN PARAGRAPHS ONE AND TWO ABOVE COUPLED WITH THE APPLICANT'S INNOCENCE ATTESTS TO THE FACT THAT SOMEONE COMMITTED AGGRAVATED PERJURY IN TESTIFYING BEFORE THE GRAND JURY INTENTIONALLY AND KNOWINGLY, THE PROSECUTOR INTENTIONALLY AND KNOWINGLY WITHHELD EXCULPATORY BRABY MATERIAL, IN DIRECT CONTRAVENTION OF THE VERNON'S ANNOTATED TEXAS CODE OF CRIMINAL PROCEDURE, ARTICLE 2.01, AND DEFENSE COUNSEL FAILED AND REFUSED TO CONDUCT AN INDEPENDENT INVESTIGATION.

## IV.

APPLICANT FILED WRITS OF HABEAS CORPUS IN THE ABOVE CAUSE NUMBERS WITH THE TRIAL COURT ON OCTOBER 19, 2012. SINCE SUCH TIME ON NOVEMBER 8, 2012, THE STATE BY AND THROUGH ITS DISTRICT ATTORNEY FOR HARRIS COUNTY, TEXAS REQUEST THAT THIS COURT PURSUANT TO TEXAS CODE CRIM. PROC. ART. 11.07, § 3(2) DESIGNATE THE FOLLOWING ISSUE WHICH NEED TO BE RESOLVED :

1) WHETHER THE APPLICANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL. THE STATE OF TEXAS, BY AND THROUGH ITS ASSISTANT CRIMINAL DISTRICT ATTORNEY FOR HARRIS COUNTY, TEXAS REQUEST THAT THE ABOVE ISSUE NEEDS TO BE RESOLVED IN BOTH CAUSE NUMBERS 1282632 AND 1282633

ON NOVEMBER 9, 2012, THE TRIAL JUDGE STATED HAVING REVIEWED THE APPLICANT'S APPLICATION FOR WRIT OF HABEAS CORPUS, THE COURT FINDS THAT THE FOLLOWING ABOVE NEEDS TO BE RESOLVED IN THE INSTANT PROCEEDING :

THEREFORE, PURSUANT TO ARTICLE 11.07, § 3(d) THIS COURT WILL RESOLVE THE ABOVE ISSUE CITED AND THEN ENTER FINDINGS OF FACTS. THE CLERK OF THE FS ORDERED NOT TO TRANSMIT AT THIS TIME ANY DOCUMENT IN THE ABOVE-STYLED CASE TO THE COURT OF CRIMINAL APPEALS UNTIL FURTHER ORDER BY THIS COURT.

## V.

AFTER FINAL CONVICTION IN ANY FELONY CASE, THE WRIT MUST BE RETURNABLE TO THE COURT OF CRIMINAL APPEALS OF TEXAS AT AUSTIN, TEXAS. V.A.C.C.P. ART. 11.07, § 3(a). AS A MATTER OF FACT

2

THE APPLICANT'S WRIT OF HABEAS CORPUS IS AUTOMATICALLY RETURNABLE TO THE COURT OF CRIMINAL APPEALS OF TEXAS AT AUSTIN WITHIN 35 DAYS WHICH HAS ELAPSED SEVERAL TIMES SINCE APPLICANT SUBMITTED HIS WRIT IN 2012 ONLY TO BE UNDULY DELAYED BY JUDGE MARC BROWN OF THE 180TH DISTRICT COURT OF HARRIS COUNTY WITHOUT ANY LEGAL JUSTIFICATION WHICH CONTRAVENES THE APPLICABLE LAW. APPLICANT'S WRIT IS PROPERLY FILED AND BEFORE THE COURT WHICH GIVES THE COURT A MINISTERIAL DUTY TO FOLLOW THE LAW BY HOLDING A HEARING TO PROPERLY AND EFFECTIVELY DESIGNATE THE ISSUES IN THE TWO AFOREMENTIONED CAUSES. THE ACTS AND OMISSIONS OF THE COURT COMPLAINED OF HEREIN IS NOT A FINAL DECISION AND THEREFORE NOT APPEALABLE. APPLICANT IS ENTITLED TO A WRIT OF MANDAMUS TO COMPEL THE TRIAL JUDGE TO FORWARD APPLICANT'S WRIT TO THE COURT OF CRIMINAL APPEALS.

## II.

MANDAMUS IS AVAILABLE TO "CORRECT JUDICIAL ACTION THAT IGNORES CLEAR, BINDING PRECEDENT" BECAUSE "[T]RIAL JUDGES DO NOT ENJOY THE FREEDOM TO IGNORE THE LAW. STATE EX REL HEALEY V. MCMEANS, 884 S.W.2d 772, 774 (TEX. CRIM. APP. 1994)

AS A MATTER OF PRECEDENCE, CONSIDERATION OF A MOTION PROPERLY FILED AND BEFORE THE COURT IS MINISTERIAL. KOZACKI V. KNIZE, 883 S.W.2d 760, 762 (TEX APP- WACO 1994) (CITING STATE EX REL, CURRY V. GRAY, 726 S.W. 2d 125, 128 (TEX CRIM. APP. 1987).

## III.

THE U.S. SUPREME COURT HAS HELD THAT STATE PRISONERS DO NOT HAVE TO INVOKE EXTRAORDINARY REMEDIES WHEN THESE REMEDIES ARE ALTERNATIVE TO THE STANDARD REVIEW PROCESS AND WHERE THE STATE COURTS HAVE NOT PROVIDED RELIEF THROUGH THOSE REMEDIES IN THE PAST. WILWORDING V. SWENSON, 94 S. Ct 407.

3

## VIII.

APPLICANT IS INNOCENT OF THE CHARGES THAT WERE UNJUSTIFIABLY LODGED AGAINST HIM. THE PLEA OF GUILTY COERCED BY DEFENSE COUNSEL WAS INVOLUNTARY DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL. APPLICANT HAD NO INTENT TO WAIVE HIS RIGHT TO A JURY TRIAL NOR TO PLEAD GUILTY TO ANY CHARGE. APPLICANT'S INVOLUNTARY WAIVER OF HIS RIGHT TO JURY TRIAL RENDERS HIS JUDGMENT VOID. STATE V. VASQUEZ, 140 S.W.3d 758

## IX.

VOID JUDGMENT: A JUDGMENT THAT HAS NO LEGAL FORCE OR EFFECT, THE INVALIDITY OF WHICH MAY BE ASSERTED BY ANY PARTY WHOSE RIGHTS ARE AFFECTED AT ANY TIME AND ANY PLACE, WHETHER DIRECTLY OR COLLATERALLY. A VOID JUDGMENT CONTINUES TO BE ABSOLUTELY NULL. IT IS INCAPABLE OF BEING CONFIRMED, RATIFIED, OR ENFORCED IN ANY MANNER OR TO ANY DEGREE.... BLACK'S LAW DICTIONARY 9TH EDITION, PAGE 921.

## X.

APPLICANT HAS USED DUE DILIGENCE IN PETITIONING THE COURT TO RESOLVE THE ISSUES CURRENTLY BEFORE THE COURT VIA SEVERAL OTHER MOTIONS TO COMPEL AND EVEN FILED INQUIRES TO THE COURT ON 1/18/2013, 2/6/2013, 3/1/2013, AND 4/1/2013. APPLICANT EVEN FILED HIS MOTION REQUESTING JUDICIAL NOTICE PURSUANT TO ADJUDICATIVE FACTS UNDER RULE 201 OF THE RULES OF EVIDENCE. APPLICANT HEREBY AGAIN REQUEST A PROPER RULING AND THAT HIS WRIT OF HABEAS CORPUS WHICH IS PROPERLY BEFORE THE COURT BE GRANTED AND FORWARDED TO THE COURT OF CRIMINAL APPEALS AT AUSTIN, TEXAS. SO MOVED AND PRAYED. EXECUTED ON THIS THE 13TH DAY OF JANUARY, 2014.

RESPECTFULLY SUBMITTED.

/S/ _Bobby Henry_ / # 1719613

BOBBY JOHN HENRY
TDCJ-CID # 1719613
WAYNE SCOTT UNIT
6999 RETRIEVE RD.
ANGLETON, TEXAS 77515

IN PRO-SE CAPACITY

4

# CERTIFICATE OF SERVICE

I, BOBBY JOHN HENRY, TDCJ-CIO# 1719613, DO HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE APPLICANT'S MOTION TO COMPEL THE TRIAL JUDGE TO ANSWER OR OTHERWISE RULE ON APPLICANT'S PENDING APPLICATION FOR WRIT OF HABEAS CORPUS HAS BEEN MAILED VIA UNITED STATES MAIL, POSTAGE PREPAID, FIRST CLASS MAIL, ON THIS THE 13TH DAY OF JANUARY, 2014, AND ADDRESSED AS FOLLOWS:

        DISTRICT CLERK
        HARRIS COUNTY
        CIVIL COURTHOUSE
        201 CAROLINE STREET, STE. 420
        HOUSTON, TEXAS
                77210


ENCLOSURE
CC: FILE

                        /S/ Bobby Henry 1719613
                        BOBBY JOHN HENRY
                        TDCJ-CIO # 1719613
                        WAYNE SCOTT UNIT
                        6999 RETRIEVE ROAD
                        ANGLETON, TEXAS 77515

                        IN PRO-SE CAPACITY

CAUSE No. 1282632-A

EX PARTE BOBBY J. HENRY § IN THE 180TH DISTRICT
§ COURT          OF
§ HARRIS COUNTY, TEXAS

## ORDER

ON THIS THE ____ DAY OF _____, 2014, CAME ON TO BE HEARD THE APPLICANT'S MOTION TO COMPEL THE TRIAL COURT TO ANSWER OR OTHERWISE RESPOND TO THE APPLICANT'S TIMELY FILED, PENDING APPLICATION FOR WRIT OF HABEAS CORPUS PURSUANT TO THE VERNON'S ANNOTATED CODE OF CRIMINAL PROCEDURE ARTICLE 11.07, IN THE ABOVE - ENTITLED AND NUMBERED CAUSE OF ACTION

AND AFTER DUE CONSIDERATION OF THE SAME BASED ON THE LENGTH OF TIME THAT THE APPLICANT'S WRIT HAS BEEN FILED AND PENDING, IT IS,

ORDERED THAT THE APPLICANT'S MOTION TO COMPEL IS

GRANTED/DENIED ; AND THE ABOVE REFERENCED WRIT OF HABEAS CORPUS WILL BE RULED ON AND A HEARING SET OR IN THE ABOVE CAUSE OF ACTION AFTER THE COURT'S RULING THE APPLICANT'S WRIT WILL BE FORWARDED TO THE TEXAS COURT OF CRIMINAL APPEALS FOR THEIR CONSIDERATION ON THE ____ DAY OF _____, 2014.


_____
JUDGE PRESIDING

CAUSE No. 1282633-A

EX PARTE BOBBY J. HENRY

§ IN THE 180TH DISTRICT
§ COURT OF
§ HARRIS COUNTY, TEXAS

## ORDER

ON THIS THE ____ DAY OF _____, 2014, CAME ON TO BE HEARD THE APPLICANT'S MOTION TO COMPEL THE TRIAL COURT TO ANSWER OR OTHERWISE RESPOND TO THE APPLICANT'S TIMELY FILED, PENDING APPLICATION FOR WRIT OF HABEAS CORPUS PURSUANT TO THE VERNON'S ANNOTATED CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07, IN THE ABOVE-ENTITLED AND NUMBERED CAUSE OF ACTION

AND AFTER DUE CONSIDERATION OF THE SAME BASED ON THE LENGTH OF TIME THAT THE APPLICANT'S WRIT HAS BEEN FILED AND PENDING, IT IS,

ORDERED THAT THE APPLICANT'S MOTION TO COMPEL IS GRANTED/DENIED: AND THE ABOVE REFERENCED WRIT OF HABEAS CORPUS WILL BE RULED ON AND A HEARING SET OR IN THE ABOVE CAUSE OF ACTION AFTER THE COURT'S RULING THE APPLICANT'S WRIT WILL BE FORWARDED TO THE TEXAS COURT OF CRIMINAL APPEALS FOR THEIR CONSIDERATION ON THE ____ DAY OF _____, 2014.

_____
JUDGE PRESIDING

My Copy is Returnable to me! Please

Mr. Bobby John Henry
TDCJ-CID # 1719613
Wayne Scott Unit
6999 Retrieve Road
Angleton, Texas 77515
April 21, 2014

FILED
CHRIS DANIEL
DISTRICT CLERK
HARRIS COUNTY TEXAS
2014 MAY -5 PM 2: 35


District Clerk
Harris County
Civil Courthouse
201 Caroline St. Ste 420
Houston, Texas 77210

RE: Ex Parte Bobby John Henry
In the 180th District Court of Harris County, Texas, Cause Numbers
1282632-A and 1282633-A

Dear Clerk:

Greetings! Enclosed Please Find the Original and a carbon copy this cover letter. The Applicants Notice to said court of intent to file Writ of Mandamus to compel Judge Marc Brown to rule on Applicants Pending Applications for Writ of Habeas Corpus. and Certificate of Service. I Am requesting that you please bring them to the immediate attention of the Honorable court as soon as the Court business permits.

Also enclosed is a carbon copy of the Aforementioned Documents that i am requesting that you Please Date-Stamp each document as Filed Noted and returned to me my copy for my personal files in the self-addressed stamped envelope enclosed for said purpose subsequent to Clerk Filing-stamp-date.

Thanking you in advance for your time, Professional Assistance and cooperation in the matter of my very urgent request. I remain, Appreciative.

Respectfully Submitted,

Bobby John Henry No.# 1719613
In Pro-se Capacity

Enclosure
C/C: File

Cause Numbers 1282632-A, 1282633-A

Ex Parte                    §        In The 180th District

                           §            Court of

Bobby John Henry           §        Harris County, Texas

FILED
CHRIS DANIEL
DISTRICT CLERK
HARRIS COUNTY, TEXAS
2014 MAY -5 PM 2:35

## Notice of intent to file Writ of Mandamus

To The Honorable Judge of said court:

Comes Now, Bobby John Henry, the Applicant in the above entitled and numbered cause of action and files this motion of Notice of intent to file writ of Mandamus to compel the trial Judge to rule on or otherwise answer the Applicants State Writ of Habeas Corpus and would Respectfully show unto The Court as follows:

### I.

Applicant on or about October 22, 2010, was arrested for the Alleged offense of Burglary of a Habitation which Never occurred and Class A misdemeanor of evading Arrest on foot in Cause Numbers 1282632 and 1282633. Respectively. Three days after Applicants arrest on October 25, 2010, The Alleged complainant "Luc Schlumberger", issued a statement to the District Attorney which was Actually Noted in the District Attorney's file folder Number 1282632: " L Schlumberger 10/25/10 No Items taken. Defendant did Not actually get inside The House. says: Defendant was caught when he was Knocking on the windows of Complainant witnesses Home. No Damage was Done to the Home."

### II.

Applicant was subsequently Indicted, which Reads: " on or about October 22, 2010, did then and there Knowingly, with intent to commit theft "enter" Habitation owned by Luc Schlumberger, a person Having a greater right to possession of the Habitation than the defendant and

Hereinafter styled the complainant, without the effective consent of the complainant. Namely, without consent of any kind....

## II.

The contradictory information in paragraphs one and two above coupled with the Applicants innocence attests the fact that someone committed aggravated perjury in testifying before the Grand Jury Intentionally and knowingly. The Prosecutor intentionally and knowingly withheld Exculpatory _Brady_ material, in direct contravention of The Vernons Annotated Texas Code of Criminal Procedure, Article 2.01 and Defense Counsel failed and refused to conduct an Independent investigation...

## III.

Applicant filed writs of Habeas Corpus in the above cause numbers with the trial court on October 19, 2012. Since such time on November 8, 2012. The State by and through its District Attorney for Harris County Texas. Requested that this court pursuant to Texas Code Crim. Proc. Art. 11.07 § 3 (A) Designate the follow issue which need to be resolved.

1.) Whether The Applicant was denied Effective Assistance of Counsel. The state of Texas by and through its Assistant Criminal District Attorney for Harris County, Texas request that the above issue needs to be resolved in both cause numbers 1282632-A and 1282633-A

on November 9, 2012 the trial Judge stated having reviewed the applicants Applications for Writ of Habeas Corpus. The Court finds that the following above needs to be resolved in the instant proceeding:

Therefore, Pursuant to Article 11.07 § 3 (d) This court will resolve the above issue cited and then enter findings of fact.

## V.

After Final conviction in any felony case, the Writ _must_ be return-able to The Court of Criminal Appeals of Texas at Austin Texas. V.a.c.c.P. Art. 11.07 § 3 (A).

(2.)

As a matter of fact the Applicants writ of Habeas corpus is automatically returnable to the Court of Criminal Appeals of Texas at Austin within 35 days which it has been 17teen months since this court has designated the issue that need be resolved. Applicant submitted this writ in 2012 only to be unduly delayed by Judge Marc Brown of the 180th District Court of Harris County without any legal justification which contravenes The Applicable Law. Applicants writ is properly filed and before the court which gives the court a ministerial duty to follow the law by holding a hearing to properly and effectively Designate the issues in the two aforementioned causes. The Act and omissions of the court complained of herein is not a final decision and therefore not Appealable. Applicant is entitled to a writ of Mandamus to compel the trial judge to forward Applicants writ to the Court of Criminal Appeals.

## VI.

Mandamus is Available to correct Judicial Action that ignores clear Binding Precedent because [Trial Judges do not enjoy the freedom to ignore the Law. State Ex Rel Henley V. McMeans, 884 S.W.2d 772, 774 (Tex. Crim. App 1994)

As a matter of Precedence, consideration of a Motion properly filed and before the court is ministerial. Kazacki v. Knize, 883. S.W. 2d 760, 762 (Tex App - Waco 1994 (citing State ex Rel. Curry v. Gray, 726 SW 2d 125, 128 (Tex Crim App 1987).

## VII.

The Supreme Court has Held that State prisoners do not have to invoke extraordinary remedies where these remedies are Alternative to the standard review process and where the state courts have not provided relief through those remedies in the past. Wilwording V. Swenson. 92 S. Ct 407.

(3)

## VIII.

Applicant is innocent of the charges that were unjustifiably lodged against him. The plea of guilty coerced by defense counsel was involuntary due to ineffective assistance of counsel. Applicant had no intent to waive his right to a jury trial nor to plead guilty to any charge. Applicants involuntary waiver of his right to jury trial renders his judgement void. State v. Vasquez 140 S.W.3d 758

## IX.

Void Judgment: A judgment that has no legal force or effect, The invalidity of which may be asserted by any party whose rights are affected at any time and any place, whether directly or collaterally. A void judgment continues to be absolutely null. It is incapable of being confirmed, ratified, or enforced in any manner or to any degree. Blacks Law dictionary 9th edition, page 921.

## X.

Applicant has used due diligence in petitioning the court to resolve the issues currently before the court via several other motions to compel and even filed inquiries to the court on 1-18-2013, 2-6-2013, 3-1-2013, and 4-1-2013. Applicant even filed his motion requesting Judicial Notice pursuant to adjudicative facts under Rule 201 of the Rules of evidence. Applicant Hereby again Request a proper ruling and that His writ of Habeas Corpus which is properly before the court be granted and forwarded to the Court of Criminal Appeals at Austin, Texas. So moved and prayed. executed on this The 28u day of April, 2014

Respectfully submitted,

Bobby John Henry 1719613

Bobby John Henry, No. 1719613
Wayne Scott Unit
6999 Retrieve Rd
Angleton, Texas 77515

In pro-se capacity

(4)

## Certificate of Service

I, Bobby John Henry, TDCJ-CID # 1719613, Do Hereby Certify that a true and correct copy of the Applicants motion of *Notice of intent to File Writ of Mandamus* to compel the trial Judge Marc Brown to Answer or otherwise Rule on Applicants Pending Application for Writ of Habeas Corpus HAS been Mailed via United States mail, Postage prepaid, First Class mail, on this the ___28th___ day of ___April___, ___2014___, and addressed as follows:

>District Clerk
>Harris County
>Civil CourtHouse
>201 Caroline Street, Ste 420
>Houston, Texas 77210

Enclosure
9C: File

_____ 1719613
Bobby John Henry No.# 1719613
Wayne Scott Lemit
6999 Retrieve Rd
Angleton, Texas 77515

In Pro-se capacity

(5.)

EXHIBIT "B"

- Letter: Inquiry and Notice to File Mandamus -

**SUBJECT:** *State briefly the problem on which you desire assistance.*

I need for you to please search your legal mail logbook outgoing and place on this request form the date in which you logged and mailed a letter to Harris County District Clerk, Chris Daniel at P.O. Box 4651, Houston Texas 77210-4651, on the Date of June 18, 2015. This is needed for legal purposes to the Court of Appeals that i did mail letter to said person at said address about.

Thank you Much!

Name: Bobby Henry    No: 1719613    Unit: Wayne Scott Unit

Living Quarters: B2-18B    Work Assignment: U/S

**DISPOSITION:** (Inmate will not write in this space)

Received and mailed on 6/18/15.

C. Anderson 6/30/15

☆I-60 (Rev. 11-90)

This request form sent to the Mailroom supervisor at the Wayne Scott Unit. Here in Angleton Tx. 77515, is to prove that i did mail a letter which is the attached to this form to Harris County District Clerk, Chris Daniel. at P.O. Box 4651, Houston Tx 77210-4651 on the Date of June 18, 2015, with a self addressed stamped envelope for the purpose of returning a stamped dated filed copy back to me for my records And notification. To this date i have not received compliance to my request therefore the District Clerk. Chris Daniel is acting in bad faith. and denying me even the common curtesy to return my S.A.S.E. with the requested contents.

respectfully Submitted

7-1-2015    Bobby Henry

#1719613

June 18, 2015


Harris County Courthouse
Clerk of Court - Chris Damiels
1201 Franklin St.
Houston, TX 77002


RE: Writ of Habeas Corpus Application
    Cause Nos. 1282632-A and 1282633-A


Honorable Clerk Danielsd

     I am writing to you because you have not complied with Article
11.07, §3(c)of the Texas Code of Criminal Procedure. On October 19,
2012, I filed my original 11.07 Writ of Habeas Corpus Application.
The State properly ordered designating issues on November 08, 2012.
I filed a variety of motions and letters of inquiry to you between
December 26, 2012 and May 05, 2014. The letters of inquiry detailed
my concerns as to why the Court had not resolved the issues that
had been designated and why you had not forwarded the application
and other needed documents to the Court of Criminal Appeals. The
motions I filed varied from a motion for a Live Evidentiary Hear-
ing to a motion to Compel. I also, on May 05, 2015 filed an intent
to flie a Mandamus. All of these things (and more) are listed on
the Court's Dokbst.

     To this date, none of my motions have been ruled upon, or if
they have been, I have not received a copy of the Court's ruling.
And, my 11.07 Writ of Habeas Corpus Application concerning the
aforementioned cause numbers has not been forwarded to the Court
of Criminal Appeals.

     Per TCCP 11.07, §3(c), you are required to immediately trans-
mit to the Court of Criminal Appeals a copy of the application, any
answers filed, and a certificate reciting the date upon which that
finding was made, if the convicting court decided that there were
no issues to be resolved. In my case, there were issues designated
to be resolved. In that case, I believe you are given 180 days to
resolve the issues and if you (the Court) has not, then you, Clerk
Daniels, are required to immediately send the above listed items
to the Court of Criminal Appeals. You have failed to do this. Since
my application was first sent in it has been just over two and one-
half years (2½). It is beyond time to send everything to the Court
of Criminal Appeals. It is to the point now where you are acting in
bad faith.

     This letter is to serve two purposes. The first is to request
one last time for you to fulfill your duty as the Harris County
Clerk, and mail my 11.07 Application, any answers filed, the cert-
ificate reciting the date upon which the findings were made, exhi-

bits, and reason for untimely doing so to the Court of Criminal Appeals. The second purpose, is to inform you that I will be filing a Writ of Mandamus to the Court of Criminal Appeals if I do not receive notice from them within 14 business days of this letter dated June 18, 2015. This notice from the Court of Criminal Appeals will be one telling me that you have finally complied with Article 11.07, §3(c).

It is my understanding that the convicting Judge, Marc Brown, is no longer presiding in the 180th Court; and that a Judge Hull is now presiding. It is for this very reason that I had requested a Live Evidentiary Hearing.

I have enclosed a SASE for the purpose of sending me a file-marked/date stamped copy to me showing your receipt of this letter and notice of my intent to file a mandamus. Also enclosed, inside this SASE, you will find the top copy of this same letter. Please use that in filemarking/date stamping this record. pI appreciate your timely response to this letter and it is my sincere hope that you will comply with Article 11.07, §3(c). Thank you.

Sincerely,

Bobby Henry #1719613
Wayne Scott Unit
6999 Retrieve Rd.
Angleton, TX 77515

EXHIBIT "C"

- Response: From Inquiry to Court of Criminal Appeals -



SHARON KELLER
PRESIDING JUDGE

LAWRENCE E. MEYERS
TOM PRICE
PAUL WOMACK
CHERYL JOHNSON
MIKE KEASLER
BARBARA P. HERVEY
CATHY COCHRAN
ELSA ALCALA
JUDGES

COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

ABEL ACOSTA
CLERK
512-463-1551

SIAN R. SCHILHAB
GENERAL COUNSEL
512-463-1597

June 12, 2014

Bobby Henry TDCJ# 1719613
Scott Unit
6999 Retrieve Rd
Angelton, Texas 77515

Re:    Trial Court Cause No. 1282632-A and 1282633-A

Dear Mr. Henry,

After a thorough search of our records, we find that you have do not have a writ of habeas corpus filed in the Court of Criminal Appeals at this time. If you have any further questions or concerns, please direct them to the District Clerk in the convicting county where you originally filed the application.

I am herewith returning your documents.

Sincerely,

Abel Acosta
Clerk

AA/kr
Enclosure

Louise Pearson, Clerk of
Court of Criminal Appeals of Texas
P.O Box 12308
Capitol Station
Austin, Texas 78711

Bobby Henry #1719613
Wayne Scott Unit
6999 Retrieve Rd
Angleton, Texas 77515
5-27-14

SUBJECT: Notification if Writ has been received?

TO THE HONORABLE CLERK "Louise Pearson",

I am writing to you because I can't get NO assistance from the District Clerk Chris Daniel in forwarding my application for Writ of Habeas Corpus (11.07) which was filed with the 180th Judicial District Court in Houston Texas, Harris County Court Clerk, on October 23, 2012 in both cause #1282632-A and 1282633-A. On November 8, 2012, the State of Texas through it's Assistant District Attorney, designated issues on both Writs. On November 9, 2012, the 180th Judicial District Court adopted the same designation of issues and ordered that those issues be resolved. Since that time until this day, after numerous attempts, even filing a Motion to Compel the Judge to answer and resolve said issues that he (Judge) ordered and signed to be resolved. Still there has been NO action taken by the Court to uphold his ministerial duties of his own order. But continue to keep an innocent person incarcerated knowing that there have been exculpatory evidence withheld that proves applicants innocense beyond a reasonable doubt. I have filed a Notice of Mandamus on May 5, 2014, it has been over 18 months that these Writs have layed dormat. I am hoping that you may cause these Writs to become moble and resolve as the law requires. I should not have to file extraodinary releaf to get the Court to adhere to its ministerial duties. My attempt is to prevent extra proceedings by unnecessary Writs that over load the Court docket. Please inform me if you have received said Writs.

Respectfully Submitted

*Bobby Henry #1719613*

Mr Bobby Henry #1719613

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAY 30 2014
Abel Acosta, Clerk

# CLERK'S OFFICE

# COURT OF CRIMINAL APPEALS

# AUSTIN, TEXAS

I, ABEL ACOSTA, Clerk of the Court of Criminal Appeals, do hereby certify that as part of my duties I have care and custody of the records of the Court. I have searched the records and have found no post conviction writ of habeas corpus under trial court cause numbers **1282632 & 1282633**, in the name of **Bobby John Henry**.

WITNESS my hand and seal of said court, at my office in Austin, Texas, this the 15th day of September, A.D. 2014.

Abel Acosta, Clerk

By: _Wade Kyzelski_

Deputy Clerk

3